FILED
CLERK, U.S. DISTRICT COURT

2/16/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___cd___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CRISTIAN CHIMIREL,<br>　aka "Emil Grundza," and<br>PETRISOR ORBULETU,<br><br>　　　　Defendants. | No. CR 2:23-cr-00076-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(2): Unlawful Use of Unauthorized Access Devices; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. §§ 982, 1028, and 1029: Criminal Forfeiture] |

　　The Grand Jury charges:

COUNTS ONE THROUGH TEN

[18 U.S.C. § 1344(2)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Indictment:

　　1.　The California Department of Social Services ("DSS") administered benefits to residents of California through Electronic

Benefit Transfer ("EBT") accounts, including CalFresh and CalWorks benefits.

2. CalFresh benefits were intended for low-income California residents who met federal income eligibility rules and wanted to add to their budget to purchase healthy and nutritious food for their households. CalWorks benefits were intended for low-income California residents with children who met federal income eligibility rules for cash aid to use for expenses including housing, utilities, or medical care.

3. To qualify for CalFresh or CalWorks benefits, a California resident had to submit an application for the benefits, asserting that the resident met certain eligibility rules.

4. Once a resident qualified for CalFresh or CalWorks benefits, DSS administered an EBT card to the recipient that could be used to access the recipient's EBT account through various financial institution automated teller machines ("ATMs"), including U.S. Bank, or to make point-of-sale purchases like a credit or debit card. Upon receiving the EBT card, the recipient would create a Personal Identification Number ("PIN") that would be used to access the EBT account with the EBT card.

5. DSS would normally deposit monthly EBT benefits, including CalFresh and CalWorks benefits, directly into the EBT account at the beginning of each month. The recipient could then use the EBT card to withdraw benefits from the EBT account using ATMs, including ATMs that U.S. Bank operated.

6. U.S. Bank was a financial institution that was insured by the Federal Deposit Insurance Company.

7. "Skimming devices" were fraudulent devices installed at ATM machines to surreptitiously steal and store card account numbers and PIN information from cards, including EBT cards, that were inserted into ATM machines.

8. "Cloned cards" were cards that have been re-encoded with account numbers and PIN information that did not match the account number or other visible characteristics on the front of the card. The information re-encoded onto cloned cards may be obtained from skimming devices.

9. Cloned cards may be used at ATMs to withdraw cash benefits, including CalFresh and CalWorks benefits, from the accountholder's EBT account.

B. THE SCHEME TO DEFRAUD

10. Beginning on a date unknown to the Grand Jury, but no later than on or about October 2, 2022, and continuing through at least on or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants CRISTIAN CHIMIREL, also known as "Emil Grundza," and PETRISOR ORBULETU, each aiding and abetting the other, knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of financial institutions, including U.S. Bank, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

11. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

    a. Defendants CHIMIREL and ORBULETU, and others known and unknown, would obtain cloned EBT cards that had been re-encoded with

EBT account numbers, including CalFresh and CalWorks account numbers, and PIN and personal identifying information retrieved from skimming devices, in names other than their own, that belonged to EBT beneficiaries.

   b. Defendants CHIMIREL and ORBULETU would use the re-encoded EBT cards, along with the corresponding stolen PIN numbers and personal identifying information, to conduct fraudulent cash withdrawals, including of CalFresh and CalWorks benefits, without permission or authorization from the EBT account holders.  In doing so, defendants CHIMIREL and ORBULETU falsely represented that they were the EBT account holder and were otherwise an authorized user of the EBT card, and concealed that the withdrawals defendant CHIMIREL and ORBULETU made with the re-encoded EBT cards were made without the authorized user's consent.

C. EXECUTION OF THE FRAUDULENT SCHEME

  12. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHIMIREL and ORBULETU committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DEFENDANTS | DATE | ACT |
|---|---|---|---|
| ONE | CHIMIREL ORBULETU | November 2, 2022 | Used an EBT card issued in the name of S.B. to withdraw $1,360 at a U.S. Bank ATM in Tarzana, California |
| TWO | CHIMIREL ORBULETU | November 2, 2022 | Used an EBT card issued in the name of A.A.P. to withdraw $1,120 at a U.S. Bank ATM in Tarzana, California |

| COUNT | DEFENDANTS | DATE | ACT |
|---|---|---|---|
| THREE | CHIMIREL ORBULETU | November 3, 2022 | Used an EBT card issued in the name of E.A. to withdraw $1,000 at a U.S. Bank ATM in Los Angeles, California |
| FOUR | CHIMIREL ORBULETU | November 3, 2022 | Used an EBT card issued in the name of S.P. to withdraw $1,000 at a U.S. Bank ATM in Los Angeles, California |
| FIVE | CHIMIREL ORBULETU | January 1, 2023 | Used an EBT card issued in the name of L.B. to withdraw $940 at a U.S. Bank ATM in Los Angeles, California |
| SIX | CHIMIREL ORBULETU | January 1, 2023 | Used an EBT card issued in the name of Z.P. to withdraw $1,060 at a U.S. Bank ATM in Los Angeles, California |
| SEVEN | CHIMIREL ORBULETU | January 3, 2023 | Used an EBT card issued in the name of D.M. to withdraw $1,000 at a U.S. Bank ATM in Tarzana, California |
| EIGHT | CHIMIREL ORBULETU | January 3, 2023 | Used an EBT card issued in the name of G.F. to withdraw $880 at a U.S. Bank ATM in Tarzana, California |
| NINE | CHIMIREL ORBULETU | February 2, 2023 | Used an EBT card issued in the name of F.B. to withdraw $1,360 at a U.S. Bank ATM in Los Angeles, California |
| TEN | CHIMIREL ORBULETU | February 2, 2023 | Used an EBT card issued in the name of G.P. to withdraw $1,120 at a U.S. Bank ATM in Los Angeles, California |

COUNT ELEVEN

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants CRISTIAN CHIMIREL, also known as "Emil Grundza," and PETRISOR ORBULETU, each aiding and abetting the other, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendants CHIMIREL and ORBULETU knew belonged to another person, namely, the name and account number of victim F.B., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Nine of this Indictment.

## COUNT TWELVE

[18 U.S.C. §§ 1029(a)(2), 2(a)]

[ALL DEFENDANTS]

Beginning on a date unknown, but no later than on or about October 2, 2022, and continuing through on or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants CRISTIAN CHIMIREL, also known as "Emil Grundza," and PETRISOR ORBULETU, each aiding and abetting the other, knowingly and with intent to defraud, used unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, Electronic Benefit Transfer account numbers belonging to persons other than defendants CHIMIREL and ORBULETU, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce.

## COUNT THIRTEEN

[18 U.S.C. §§ 1029(a)(3), 2(a)]

[ALL DEFENDANTS]

On or about February 2, 2023, in Los Angeles County, within the Central District of California, defendants CRISTIAN CHIMIREL, also known as "Emil Grundza," and PETRISOR ORBULETU, each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 35 Electronic Benefit Transfer account numbers, all issued to persons other than defendants CHIMIREL and ORBULETU, with said possession affecting interstate and foreign commerce.

COUNT FOURTEEN

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about February 2, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants CRISTIAN CHIMIREL, also known as "Emil Grundza," and PETRISOR ORBULETU, each aiding and abetting the other, knowingly possessed and used, without lawful authority, a means of identification that defendants CHIMIREL and ORBULETU knew belonged to another person, namely, the name of victim D.T., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Thirteen of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Eleven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts Twelve through Fourteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

NISHA CHANDRAN
Assistant United States Attorney
General Crimes Section